IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANXIA LIAO,<br><br>      Plaintiff,<br><br>  v.<br><br>RONALD QUIDACHAY; PAUL ALVARADO; MAURA RAMIREZ; LAURENCE KAY; TIMOTHY REARDON; PATRICIA SEPULVEDA; MARIA RIVERA; RONALD GEORGE; SAN FRANCISCO SUPERIOR COURT; and STATE OF CALIFORNIA,<br><br>      Defendants.<br>_____/ | No. C 05-1888 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR STAY, REMOVAL OF COUNSEL, REQUEST FOR TELEPHONIC APPEARANCE AND TO SHORTEN TIME |

    Defendants Superior Court of California for the County of San Francisco (the Superior Court), Judge Ronald Evans Quidachay, Judge Paul H. Alvarado and Maura Ramirez (collectively, Superior Court Defendants) move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss pro se Plaintiff Wanxia Liao's complaint against them.[1]  Plaintiff opposes the motion, and also moves for a stay of this action, for removal of Kay Yu, counsel for Superior

---

[1] The purported proof of service filed by Plaintiff shows that she attempted to serve Superior Court Defendants by registered mail.  Registered mail is not a proper form of service.  Fed. R. Civ. P. 4(e), (j); Cal. Civ. Proc. Code § 415.30.  However, Superior Court Defendants do not move to dismiss on those grounds.
    Nothing in the record indicates that Plaintiff has served Defendants Laurence Kay, Timothy Reardon, Patricia Sepulveda, Maria Rivera, Ronald George or the State of California, and none of these Defendants has made an appearance.

Court Defendants, for approval of a telephonic appearance and to shorten time on these motions. The matters were submitted on the papers. Having considered all of the papers filed by the parties, the Court GRANTS Superior Court Defendants' motion to dismiss (Docket No. 15). The Court DENIES Plaintiff's motions for a stay, for removal of counsel, for telephonic appearance and to shorten time (Docket No. 22).

BACKGROUND

The following facts are all taken from Plaintiff's First Amended Complaint (FAC). Plaintiff, a Canadian citizen, brought a civil rights lawsuit against James Cahill, a former professor at the University of California, that was heard by the Superior Court. Plaintiff alleges generally that Superior Court Defendants engaged in a cover-up for Mr. Cahill and intentionally sabotaged her case against him. She also alleges that Defendant Ramirez, a court clerk, cooperated with Judge Quidachay and Judge Alvarado and forged court documents for the purpose of having Plaintiff declared a vexatious litigant. Plaintiff seeks declaratory and injunctive relief and monetary damages on her claims for violation of 42 U.S.C. § 1983 and for intentional infliction of emotional distress.

Plaintiff filed her complaint against Mr. Cahill and the Regents of the University of California in the Superior Court on May 9, 2002. On May 19, 2003, Judge Quidachay issued an order sustaining the defendants' demurrer, with leave to amend the claims against Mr. Cahill to plead that his absence from California tolled the applicable statute of limitations. On May 29, 2003, Plaintiff "served a Notice of Abandonment of the Whole Action on the

2

Defendants counsel" stating that she believed Judge Quidachay was biased against her because his order did not "provid[e] any reason and only allowed [Plaintiff] the specific leave to amend in that the permitted amendment was in fact untenable." FAC ¶ 20. In this notice, Plaintiff also stated her intention to refile the action in an alternative forum. Apparently, this notice was filed on June 2, 2003.

On June 19, 2003, Mr. Cahill moved to dismiss Plaintiff's State court action on the grounds that she had failed to amend her complaint as ordered. On June 20, 2003, Judge Alvarado dismissed Plaintiff's entire action with prejudice. Plaintiff claims that because she had filed her "Notice of Abandonment of the Whole Action," Judge Alvarado, in dismissing her case, "acted in complete absence of jurisdiction." FAC ¶ 26. Plaintiff appealed to the California Court of Appeal, which dismissed the appeal as untimely. Plaintiff also filed a civil rights case against Mr. Cahill in federal district court. That case was dismissed on grounds of res judicata.

On February 20, 2004, Plaintiff filed a complaint in Superior Court against both the Superior Court and Mr. Laurenson, counsel for Mr. Cahill, seeking revocation of Judge Quidachay and Judge Alvarado's orders. Judge Quidachay sustained a demurrer in that case without leave to amend, and later denied Plaintiff's subsequent application for revocation of the order.

On August 27, 2004, Mr. Laurenson filed a motion to have Plaintiff declared a vexatious litigant based on her attempts to continue litigating the claim. On October 20, 2004, Judge

3

1 Quidachay granted the motion, and required Plaintiff to furnish
2 security in order to pursue her litigation against the Superior
3 Court and Mr. Laurenson.  Plaintiff acknowledges that Judge
4 Quidachay "may have an excuse" for this ruling, based on "some
5 misunderstandings or confusions cause by the Summons on 1st
6 Amended."  FAC ¶ 28.  Plaintiff appears to allege that Ms. Ramirez
7 fraudulently issued a summons to Mr. Laurenson based on an amended
8 complaint, although he was no longer a proper party to the State
9 case.  FAC ¶¶ 28-30, 34.  Plaintiff asserts that Ms. Ramirez issued
10 the summons to Mr. Laurenson to trap Plaintiff into being
11 prosecuted as a vexatious litigant.  Plaintiff also objects to the
12 fact that Judge Quidachay, in finding her to be a vexatious
13 litigant, considered two actions filed in Canada, and concludes
14 therefore that his order was issued "in complete absence of the
15 most fundamental jurisdiction."  FAC ¶ 31.

16    On October 25, 2004, Plaintiff filed in Superior Court a
17 "Notice of Dismissal of Entire Action without Prejudice as against
18 Defendant San Francisco Superior Court only."  FAC ¶ 22.  She also
19 moved for reconsideration of Judge Quidachay's October 20, 2004
20 order, explaining that the confusion caused by the allegedly
21 improper Summons was "induced by Court Supervisor Ramirez's fraud."
22 FAC ¶ 28.  The motion for reconsideration was denied.  On December
23 2, 2004, Judge Quidachay granted Mr. Laurenson's motion to dismiss
24 the case for failure to furnish the required security.

25    Plaintiff states that, because she had no prior dealings with
26 Judge Alvarado and Judge Quidachay, racial discrimination is "the
27 only reason possible" for their acts.  FAC ¶ 33.

4

Plaintiff filed a timely appeal of Judge Quidachay's dismissal with the California Court of Appeal.  Defendants Reardon, Sepulveda and Rivera, all judges on the Court of Appeal, denied the appeal in an unpublished opinion.  Plaintiff's petition for rehearing was dismissed by Defendant Judge Kay.  Plaintiff currently has an unspecified "request" pending before Defendant Ronald George, Chief Justice of the California Supreme Court.  FAC ¶ 23.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  <u>Falkowski v. Imation Corp</u>., 309 F.3d 1123, 1132 (9th Cir. 2002) (citing <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002)).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "Each averment of a pleading shall be simple, concise, and direct.  No technical forms of pleading or motions are required."  Fed. R. Civ. P. 8(e).  These rules "do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).

The Court, however, "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."

5

Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994); Baugh v. CBS, Inc., 828 F. Supp. 745, 752 (N.D. Cal. 1993).

## DISCUSSION

I.   Immunities

   A.   Absolute Judicial Immunity

Superior Court Defendants argue that Judge Quidachay and Judge Alvarado are entitled to absolute judicial immunity and therefore the claims against them should be dismissed. Judges and those performing judge-like functions are absolutely free from liability for damages for acts performed in their official capacities. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Judicial immunity from claims for damages generally can be overcome only in two sets of circumstances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. See Hyland v. Wonder, 117 F.3d 405, 413 n.1 (9th Cir. 1997) (holding that judge may lose protection of judicial immunity when performing administrative act). Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11 (1991). As long as the judge has jurisdiction to perform the "general act" in question, he or she is immune however erroneous the act may have been, however injurious the consequences of the act may have been, and irrespective of the judge's claimed motivation. Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000) (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200).

Plaintiff concedes that the alleged acts by Judge Quidachay and Judge Alvarado were taken in their judicial capacity. However,

6

she argues that she has sufficiently plead that they lacked jurisdiction to issue orders as they did. In doing so, Plaintiff misconstrues this exception to judicial immunity. Even if Judge Quidachay or Judge Alvarado erred in dismissing Plaintiff's complaints or declaring her a vexatious litigant, e.g. by failing to terminate the entire case without prejudice upon Plaintiff's filing of a "Notice of Abandonment," such "general acts" are still functions that they had jurisdiction to perform. See Harvey, 210 F.3d at 1212 (noting that the "'general act' which Judge Hernandez was performing in this case--the issuance of an ex parte order to destroy contraband at the request of the county--is a function that Judge Hernandez has jurisdiction to perform'"). As the Supreme Court has explained,

> A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

Stump v. Sparkman, 435 U.S. 349, 356 n.6 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351-52 (1872)). The Court does not take as true the FAC's legal conclusions regarding Judge Quidachay and Judge Alvarado's alleged complete lack of jurisdiction to issue the orders they did. In fact, because the Superior Court is a court of general jurisdiction, the exception to judicial immunity based on a complete lack of jurisdiction appears to be inapposite.

For this reason, Plaintiff's claims against Judge Quidachay and Judge Alvarado are dismissed. Plaintiff has already included many details in her FAC, and it appears to the Court that any amendment is unlikely to overcome absolute judicial immunity. However, the Court will allow Plaintiff an opportunity to amend her complaint to allege actions that these Defendants have taken that are not protected by absolute judicial immunity.

B.   Absolute Quasi-Judicial Immunity

Superior Court Defendants argue that Ms. Ramirez, a court clerk, is entitled to absolute quasi-judicial immunity and therefore the claims against her should be dismissed.

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1390 (9th Cir. 1987). This absolute quasi-judicial immunity extends to "court clerks and other non-judicial officers for purely administrative acts--acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." In re Castillo, 297 F.3d 940, 952 (9th Cir. 2002). Here, Plaintiff alleges that Ms. Ramirez fraudulently issued a summons to Mr. Laurenson. The act of issuing a summons is part of the judicial function, and thus Ms. Ramirez is entitled to quasi-judicial immunity for it. Therefore, the Court dismisses Plaintiff's claims against Ms. Ramirez. Plaintiff has already included many details in her FAC, and it appears to the Court that any amendment is unlikely to overcome absolute quasi-judicial immunity. However,

8

the Court will allow Plaintiff an opportunity to amend her complaint to allege actions that Ms. Ramirez has taken that are not protected by absolute quasi-judicial immunity.

C.  Eleventh Amendment Immunity

Superior Court Defendants move to dismiss the claims against Defendant Superior Court on the basis that the Eleventh Amendment to the United States Constitution, which bars the federal courts from entertaining suits against a State by citizens of a foreign State, deprives this Court of subject matter jurisdiction. Superior Court Defendants are correct. See Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against the Superior Court is a suit against the State, barred by the eleventh amendment."). The statute cited by Plaintiff, California Government Code § 815.2, concerns the liability of State entities for injuries to their employees and is not relevant to this case. Therefore, the Court dismisses Plaintiff's claims against Defendant Superior Court of San Francisco County without leave to amend, but without prejudice to refiling in State court.

II. Unserved Defendants

Because the deficiencies identified by the Court with respect to Plaintiff's complaint apply equally to the unserved Defendants, including the State of California and judges for the California Court of Appeal and Supreme Court, the Court also dismisses the claims against them. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (court may sua sponte dismiss action as to defendants who have not moved to dismiss, where such defendants

are in a position similar to that of moving defendants or where claims against such defendants are integrally related).

The dismissal of claims against the State of California is without leave to amend, but without prejudice to refiling in State court.  With respect to the unserved State judge Defendants, it appears to the Court that any amendment is unlikely to overcome absolute judicial immunity.  However, the Court will allow Plaintiff an opportunity to amend her complaint to allege actions that these Defendants have taken that are not protected by absolute judicial immunity.

III.  Plaintiff's Motions

Plaintiff states that on September 29, 2005, she initiated a "criminal action against some of these Defendants and their counsel Kay Yu to this action by sending a Complaint And Request for Investigation to the Civil Rights Section of the Department of Justice [DOJ] of the United States."  Mem. P. & A. in Supp. of Mot. at 1.  She asks the Court to stay action in this case pending the outcome of this complaint to the DOJ and to disqualify Ms. Yu from representing Superior Court Defendants.  Plaintiff also moves to shorten time on these motions and to appear at the hearing by telephone.

Plaintiff's filing of a complaint with the DOJ does not constitute a "criminal action."  The authority upon which Plaintiff relies for a stay, <u>Keating v. Office of Thrift Supervision</u>, 45 F.3d 322, 324-25 (9th Cir. 1995), is therefore inapplicable.  Plaintiff has shown no grounds for either a stay or the disqualification of Ms. Yu, and the Court accordingly denies those requests.

10

Plaintiff's motions to shorten time and for a telephonic appearance are denied as moot.

## CONCLUSION

For the foregoing reasons, Superior Court Defendants' motion to dismiss is GRANTED (Docket No. 15).  Plaintiff's motions are DENIED (Docket No. 22).

Plaintiff may file a second amended complaint (SAC) if she is able truthfully to amend her allegations to overcome the deficiencies identified in this Order.  Any SAC must be filed within twenty days of the date of this Order.  It may not include any claims against Defendants Superior Court and State of California.

If Plaintiff chooses to file an amended complaint, she must properly serve the SAC and summons on Defendants or ask Defendants to waive service.  Fed. R. Civ. P. 4(c), (d).  Registered mail is not a proper method of service.

IT IS SO ORDERED.

Dated: 10/12/05

_____
CLAUDIA WILKEN
United States District Judge