IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANXIA LIAO,<br><br>          Plaintiff,<br><br>     v.<br><br>RONALD QUIDACHAY, et al.,<br><br>          Defendants.<br>_____/ | No. C 05-1888 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |

    Plaintiff has filed a document entitled "Motion for Revocation of Order; for Re-Assignment of Case" (Docket No. 33).  The Court will treat this as a motion for leave to file a motion for reconsideration of both the Court's Order Denying Plaintiff's Request for Recusal (Docket No. 30) and the Court's Order for Plaintiff to File Proof of Service (Docket No. 32).  Having considered all of the papers filed by the Plaintiff, the Court DENIES Plaintiff's motion.

BACKGROUND

This complaint is based on an underlying civil rights lawsuit brought against James Cahill, a former professor at the University of California.  In this complaint, Plaintiff alleges that Defendants Superior Court judges, the Honorable Ronald Quidachay and the Honorable Paul Alvarado, engaged in a cover-up for Mr. Cahill and intentionally sabotaged Plaintiff's case against him. Plaintiff alleges that Defendant Superior Court clerk Maura Ramirez fraudulently sought to have Plaintiff declared a vexatious litigant.  Plaintiff alleges that Defendants California Court of Appeal justices, the Honorable Laurence Kay, the Honorable Timothy Reardon, the Honorable Patricia Sepulveda and the Honorable Maria Rivera, conspired with Mr. Cahill to deprive Plaintiff of her due process rights.  Plaintiff alleges that Defendant California Supreme Court Chief Justice the Honorable Ronald George has deprived Plaintiff of her due process rights.  Plaintiff seeks declaratory and injunctive relief and monetary damages for her constitutional claims under 42 U.S.C. § 1983 and for her State law claim of intentional infliction of emotional distress.

On October 22, 2005, Plaintiff filed a document entitled "Declaration to Disqualify Judge Wilken," requesting that the undersigned recuse herself from the case.  On November 15, 2005, the Court denied the motion, holding that Plaintiff's allegations of impartiality were insufficient as a matter of law.  On November 27, 2005, Plaintiff filed a document entitled "Supplemental Declaration of Bias and Prejudice of Judge Wilken."

Plaintiff filed her Second Amended Complaint (SAC) on November

2

1, 2005.  To date, Defendants have not filed an answer.  Plaintiff did not file proof of service of the SAC.

On September 11, 2006, the Court ordered Plaintiff to file proof that she properly served Defendants, or that she asked them to waive service, within twenty days of the order.  In response to the order, Plaintiff filed the present motion.

## LEGAL STANDARD

"No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."  Civil Local Rule 7-9(a).  A motion for leave to file a motion for reconsideration may only be granted if the moving party shows:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

## DISCUSSION

I.  Order Denying Plaintiff's Request for Recusal

Plaintiff contends that she filed her "Supplement Declaration of Bias and Prejudice of Judge Wilken" with this Court after denial of her first request for recusal in order to clarify that the recusal request was made pursuant to 28 U.S.C. § 144 rather than 28 U.S.C. § 455, upon which the Court based its order.  She argues that the two statutes set forth different standards for disqualification.  Therefore, she argues, the Court failed to

3

1 consider the legal arguments she presented in the first request for
2 recusal.

3 "The test for personal bias or prejudice in section 144 is
4 identical to that in section 455(b)(1) . . . [c]onsequently, a
5 motion properly brought pursuant to section 144 will raise a
6 question concerning recusal under section 455(b)(1) as well as
7 section 144." United States v. Sibla, 624 F.2d 864, 867 (9th Cir.
8 1980). Although the test for personal bias is the same in §§ 144
9 and 455(a) and (b)(1), the procedural requirements of the sections
10 are different. Id. A motion filed under § 144 should prompt the
11 judge to determine independently whether the circumstances call for
12 recusal under the self-enforcing provisions of § 455 (a) and
13 (b)(1), which rests within the sound discretion of the judge. Id.
14 at 868. Because the test for personal bias is the same under
15 §§ 144 and 455, the Court properly applied the standard set forth
16 in § 455 when ruling on Plaintiff's request.

17 Furthermore, the Court properly followed the procedure set
18 forth in 28 U.S.C. § 144. When a party files a timely and
19 sufficient affidavit of bias or prejudice of the judge before whom
20 the party's case is pending, the judge shall proceed no further in
21 the case until the judge passes on the affidavit's legal
22 sufficiency. 28 U.S.C. § 144; Berger v. United States, 255 U.S.
23 22, 35-36 (1922). Only after the judge determines that the
24 affidavit of bias or prejudice is legally sufficient does it become
25 the duty of the judge to "proceed no further" in the case. United
26 States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978).

27 In the November 15, 2006 order, the Court determined that

4

1 Plaintiff's statements in her declaration were not legally
2 sufficient to demonstrate bias.  Plaintiff alleged that the
3 undersigned dismissed Plaintiff's action "without any justifiable
4 factual and legal grounds" and stated that this dismissal
5 demonstrates that the undersigned is prejudiced against Plaintiff.
6 (November 15, 2005 Order Denying Plaintiff's Request for Recusal at
7 2.)  However, adverse rulings are not sufficient as a matter of law
8 to demonstrate that a judge's impartiality could reasonably be
9 questioned.  United States v. Nelson, 718 F.2d 315, 321 (9th Cir.
10 1983).

11 The Court was therefore not required to "proceed no further"
12 in the case.  Rather, it was permissible for the Court to rule on
13 the request and deny it.  Accordingly, Plaintiff has shown no basis
14 for reconsideration of the Court's Order Denying Plaintiff's
15 Request for Recusal.

16 II.  Order for Plaintiff to File Proof of Service

17 Plaintiff argues that this Court must rescind its Order for
18 Plaintiff to File Proof of Service because it had no jurisdiction
19 to issue the order after Plaintiff filed her request under 28
20 U.S.C. § 144.  However, as discussed above, the Court permissibly
21 ruled on the sufficiency of Plaintiff's allegations of bias and
22 prejudice and found them insufficient.  Therefore, the Court
23 exercised jurisdiction over this case when it issued the order for
24 proof of service.  Accordingly, Plaintiff has provided no basis for
25 reconsideration of that order.

CONCLUSION

27 For the foregoing reasons, Plaintiff's motion is DENIED.

5

Within twenty days of this order, Plaintiff must file proof that she mailed copies of the SAC to the attorney of record for Defendants the Honorable Ronald Quidachay, the Honorable Paul Alvarado and Maura Ramirez.  Additionally, within twenty days of this order, Plaintiff must file proof that she properly served Defendants the Honorable Laurence Kay, the Honorable Timothy Reardon, the Honorable Patricia Sepulveda, the Honorable Maria Rivera, and the Honorable Ronald George.  If Plaintiff fails to provide such proof, the SAC will be dismissed for failure to prosecute.  Furthermore, under Rule 4(m) of the Federal Rules of Civil Procedure, if Plaintiff did not serve the SAC within 120 days after filing it, she must show good cause for failing to do so. See F. R. Civ P. 4(m).

   IT IS SO ORDERED.

Dated:  10/25/06

CLAUDIA WILKEN
United States District Judge