IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANXIA LIAO,<br><br>    Plaintiff,<br><br>  v.<br><br>RONALD QUIDACHAY, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-1888 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE ORDER DENYING STAY OF ACTION, AND GRANTING DEFENDANTS' MOTION TO DISMISS |

On November 17, 2006, Defendants Judge Ronald Quidachay, Judge Paul Alvarado and Maura Ramirez (collectively, the Superior Court Defendants) moved to dismiss pro se Plaintiff Wanxia Liao's Second Amended Complaint (SAC) against them. Plaintiff opposes the motion. In addition Plaintiff has filed a motion to vacate the Court's December 14, 2006 order denying her motion for an emergency stay. These matters were submitted on the papers. Having considered all of the papers filed by the parties, the Court DENIES Plaintiff's motion to vacate the Court's December 14, 2006 order (Docket No. 47) and GRANTS Defendants' motion to dismiss (Docket No. 38).

BACKGROUND

As stated in the Court's earlier orders, this complaint is based on an underlying civil rights lawsuit brought in state court by Plaintiff against James Cahill, a former professor at the University of California. Plaintiff seeks declaratory and injunctive relief and monetary damages for her constitutional claims under 42 U.S.C. § 1983 and for her state law claim of intentional infliction of emotional distress based on her allegations that various state court judges, justices, and court staff have acted to deprive her of her right to due process in their handling of her state court lawsuit.

On October 12, 2005, the Court granted a motion by Superior Court Defendants to dismiss the First Amended Complaint (FAC) with leave to amend and instructed Plaintiff that she had to properly serve the SAC on Defendants. In that order, the Court dismissed with leave to amend the claims against the Superior Court Defendants based on judicial immunity and quasi-judicial immunity; dismissed the claims against the Superior Court itself without leave to amend, but without prejudice to refiling in state court; sua sponte dismissed the claims against the unserved Defendants, Laurence Kay, Timothy Reardon, Patricia Sepulveda, Maria Rivera and Ronald George, with leave to amend, on the same bases as the dismissal of the claims against the Superior Court Defendants; and sua sponte dismissed the claims against the State of California without leave to amend, but without prejudice to refiling in state court.

On October 22, 2005, Plaintiff filed a document entitled

2

"Declaration to Disqualify Judge Wilken," requesting that the undersigned recuse herself from the case. On November 15, 2005, the Court denied the motion, holding that Plaintiff's allegations of impartiality were insufficient as a matter of law. On November 27, 2005, Plaintiff filed a document entitled "Supplemental Declaration of Bias and Prejudice of Judge Wilken."

Plaintiff filed her SAC on November 1, 2005. She eliminated her claims against the Superior Court and the State of California, but renewed her claims against the Superior Court Defendants and the previously unserved Defendants Kay, Reardon, Sepulveda, Rivera, and George. To date, Plaintiff has not filed proof of service of the SAC and the unserved Defendants have not filed a response.

On September 11, 2006, the Court ordered Plaintiff to file, within twenty days of the order, proof that she had properly served Defendants, or that she had asked them to waive service. In response to the order, Plaintiff filed a document entitled "Motion for Revocation of Order; for Re-Assignment of Case," which the Court interpreted as a motion for leave to file a motion for reconsideration of both the Court's Order Denying Plaintiff's Request for Recusal and the Court's Order for Plaintiff to File Proof of Service.

On October 25, 2006, the Court denied the motion and again ordered Plaintiff to file proof of service within twenty days of that date and warned that it would dismiss her case for failure to prosecute if she did not. On November 3, 2006, Plaintiff purported to file an interlocutory appeal to the Ninth Circuit of this Court's order.

On November 17, 2006, Superior Court Defendants waived service and filed in this Court a motion to dismiss the action for failure to state a claim and because Plaintiff failed to comply with the Court's order. In response, Plaintiff filed a motion for an emergency stay of the Court's October 25, 2006 order denying her motion for reconsideration of the Court's denial of her request for recusal. The Court again found that it was permitted to, and did, rule on the sufficiency of Plaintiff's allegations of bias and prejudice and found them insufficient. Therefore, the Court denied Plaintiff's motion to stay the proceedings pending appeal. Out of an abundance of caution, the Court allowed Plaintiff an additional opportunity to oppose Superior Court Defendants' motion to dismiss and again instructed Plaintiff to file proof of service by December 22, 2006, stating that if Plaintiff failed to do so, the SAC would be dismissed for failure to prosecute.

Plaintiff filed an opposition to the motion to dismiss on December 22, 2006 and an amended opposition on January 4, 2007. In addition, Plaintiff filed a motion to vacate the Court's December 14, 2006 order denying her motion to stay this action pending appeal.

I.   Plaintiff's Motion to Vacate December 14, 2006 Order

Plaintiff does not indicate the legal basis for her motion to vacate the Court's order. Judgment has not entered in this case; thus, a motion pursuant to Rule 59(e) or Rule 60(b) is not appropriate. And, Plaintiff has not identified any reason, such as mistake, fraud or newly discovered evidence, that would justify relief under Rule 60(b). Therefore, the Court construes

4

Plaintiff's motion as a motion for reconsideration under Civil Local Rule 7-9.

Civil Local Rule 7-9(a) states as follows: "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Plaintiff has not sought leave of Court to file this motion. Moreover, a motion for leave to file a motion for reconsideration may only be granted if the moving party shows:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

Here, Plaintiff has failed to satisfy any requirement listed by Civil Local Rule 7-9(b) for obtaining leave to file a motion for reconsideration. Plaintiff's motion to vacate (Docket No. 47) is deemed to be a motion for leave to file a motion for reconsideration and is denied.

II. Motion to Dismiss

As stated in the order dismissing the FAC, a motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)). Superior Court Defendants move

to dismiss the SAC, stating that it "alleges nothing new or different" from the FAC, which this Court dismissed based on judicial immunity for Defendants Judge Quidichay and Judge Alvarado and quasi-judicial immunity for Defendant Ramirez.

A.  Judicial Immunity

When it dismissed the FAC, the Court found that Judge Quidichay and Judge Alvarado were entitled to absolute judicial immunity and that Plaintiff's claims against them were therefore barred. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). The Court granted Plaintiff leave to amend her complaint, provided she could "allege actions that these Defendants have taken that are not protected by absolute judicial immunity." October 12, 2005 Order at 8. As Defendants note, Plaintiff renews her argument that Judge Quidichay and Judge Alvarado lacked jurisdiction to issue the orders sustaining the defendant's demurrer and dismissing Plaintiff's action in the underlying lawsuit. Plaintiff continues to misconstrue the lack-of-jurisdiction exception to judicial immunity.

As explained in the order dismissing the FAC, Plaintiff's argument that Judge Quidichay and Judge Alvarado acted with a complete lack of jurisdiction must fail because the "general acts" they performed were functions that they had jurisdiction to perform. Harvey v. Waldron. 210 F.3d 1008, 1012 (9th Cir. 2000). Because Plaintiff has not alleged actions that Judge Quidichay and Judge Alvarado have taken that are not protected by absolute judicial immunity, the Court dismisses with prejudice the claims against them.

6

B.  Absolute Quasi-Judicial Immunity

In its order granting the motion to dismiss the FAC, the Court found that Plaintiff's allegations against Ms. Ramirez, a court clerk, also failed because she was entitled to absolute quasi-judicial immunity.  See Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1390 (9th Cir. 1987).  Although it noted that "any amendment is unlikely to overcome absolute quasi-judicial immunity," the Court granted Plaintiff leave "to amend her complaint to allege actions that Ms. Ramirez has taken that are not protected by absolute quasi-judicial immunity."  October 12, 2005 Order at 8-9.  Plaintiff renews the claims she made in the FAC, but now argues that Ms. Ramirez is not entitled to absolute quasi-judicial immunity because she worked in the office of the clerk of the Superior Court and did not act as a law clerk to a judge. However, the Ninth Circuit has applied absolute quasi-judicial immunity to those who work as clerks of the court.  See e.g., Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996); Mullis, 828 F.2d at 1390.  Because Plaintiff has not alleged actions that Ms. Ramirez has taken that are not protected by absolute quasi-judicial immunity, the Court dismisses with prejudice the claims against her.

III. Unserved Defendants

As noted above, the Court has warned Plaintiff multiple times that if she did not serve the SAC on Defendants, her case would be dismissed for failure to prosecute.

On October 12, 2005, in its order dismissing the FAC, the Court instructed Plaintiff to serve the SAC on Defendants.  On

7

September 11, 2006, the Court ordered Plaintiff to file, within twenty days of the order, proof that she had properly served Defendants, or that she had asked them to waive service. On October 25, 2006, the Court again ordered Plaintiff to file proof of service within twenty days of the order and warned that it would dismiss her case for failure to prosecute if she did not. Finally, in an order dated December 14, 2006, out of an abundance of caution, the Court again ordered Plaintiff to file proof of service by December 22, 2006. To date, Plaintiff has not filed proof of service of the SAC.

Therefore, the claims against Kay, Reardon, Sepulveda, Rivera and George, the Defendants who have not waived service, are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to vacate the Court's December 14, 2006 order (Docket No. 47) and GRANTS Superior Court Defendants' motion to dismiss (Docket No. 38). The claims against the Superior Court Defendants are dismissed with prejudice. The remaining claims are also dismissed with prejudice for failure to prosecute. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: 1/24/07

CLAUDIA WILKEN
United States District Judge

8